FEDER, RICHARD YALE, Associate Judge,
concurring.
Although agreeing with the result in this case, I felt it qppropriate to join Judge Glickstein in his Tisdale v. Florida dissent by expressing certain sentiments in a concurring opinion, which sentiments do not affect the holding in this specific case.
Child abuse has become an ever-increasing fact of today’s life. There is no established datum to determine if such evil is becoming more prevalent or simply more apparent. In either event, it is a subject that has been, over the years, rarely discussed and difficult of proof. In addition, the damage to the wrongly accused can be as devastating and as permanent as the damage to the child-victim.
*1289 Every judge is painfully aware that children, especially of tender years, can be easily dissuaded from testifying against parental or familial abusers or forced, physically or mentally, into recanting from the truth. The corollary is that children are also easily susceptible to suggestion and pressure from the overly zealous.
Truth may be the foundation of our legal system, but justice must continue to be its final goal. Justice demands that we do not discard elemental fair play and due process in our search for truth. Thus, the legislatures of Florida and the United States have created section 90.801(2)(a), Florida Statutes and Federal Rule 801, respectively, in an attempt to assist the prosecution of child abusers without sacrificing constitutional safeguards for accuseds. However, the litmus test for admissibility of evidence should never be what is expedient, but rather what meets time-honored and judicially accepted standards for reliability and veracity. It would seem that ⅜ of the Court * disagrees and wishes trial judges to be bound by form and not substance, label and not content, rigidity and not discretion.
The setting in which a statement is made is one such test, but it should not be the only such test. A statement made, for example, to a grand jury by a four-year-old surrounded by a roomful of adult strangers and hectored by an overpowering prosecutor (remote as that may be) would be automatically admissible under the above statute. A statement made quietly to a court reporter in a child’s bedroom in the presence of its parents, counsel and police would not. Many other situations can be imagined where the truth of the statement would be immediately apparent.
The test should be so framed as to permit judicial determination of all the circumstances under which the statement was made, regardless of the setting, to satisfy all concerned of the statement’s reliability and veracity. It is hoped that the Legislature will re-examine this issue, since obviously this Court will not so interpret the Legislature’s past actions.

 See opinion in Tisdale v. Florida issued simultaneously herewith.